Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ALICIDES E. DELGADO, JUAN ARRIAGA PABLO,
LUCRECIO ROMANO, JOAQUIN CENOBIO, JUAN
DOLORES, FRANCISCO CARDENAS, ANGEL CHAFLA,
OMAR VAZQUEZ MORALES, JOSE LUIS TEPETITLA,
VICTORINO TORRES and FREDDY DE JESUS SANCHEZ,
individually and on behalf of all others similarly situated,

         Plaintiffs,

 -against-

S.R. INTERIORS, INC., and STEVEN P. ROBINSON, as an
individual,

         Defendants.
------------------------------------------------------------------X

**COLLECTIVE/CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **ALICIDES E. DELGADO, JUAN ARRIAGA PABLO, LUCRECIO ROMANO, JOAQUIN CENOBIO, JUAN DOLORES, FRANCISCO CARDENAS, ANGEL CHAFLA, OMAR VAZQUEZ MORALES, JOSE LUIS TEPETITLA, VICTORINO TORRES, and FREDDY DE JESUS SANCHEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ALICIDES E. DELGADO, JUAN ARRIAGA PABLO, LUCRECIO ROMANO, JOAQUIN CENOBIO, JUAN DOLORES, FRANCISCO CARDENAS, ANGEL CHAFLA, OMAR VAZQUEZ MORALES, JOSE LUIS TEPETITLA, VICTORINO TORRES and FREDDY DE JESUS SANCHEZ,**

1

**individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **S.R. INTERIORS, INC., STEVEN P. ROBINSON, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at S.R. INTERIORS, INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff, ALICIDES E. DELGADO, residing at 72-28 47th Avenue, Woodside, New York 11377, was employed from in or around September 2019 until in or around November 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.
9. Plaintiff, JUAN ARRIAGA PABLO, residing at 220 East 111 Street, New York, New York 10029, has been employed from in or around May 2019 until March 2020 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

10. Plaintiff, LUCRECIO ROMANO, residing at 2445 Frdrk Douglas Boulevard, New York, New York 10027, has been employed from in or around June 2019 until December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

11. Plaintiff, JOAQUIN CENOBIO, residing at 26-54 Valentine Avenue, Bronx, New York 10458, was employed from in or around June 2019 until in or around October 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

12. Plaintiff, JUAN DOLORES, residing at 508 Morris Park Avenue, Bronx, New York 10460, has been employed from in or around May 2019 until December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

13. Plaintiff, FRANCISCO CARDENAS, residing at 1184 Cromwell Avenue, Bronx, New York 10452, was employed from in or around May 2019 until in or around December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

14. Plaintiff, ANGEL CHAFLA, residing at 1584 E. 172 Street, New York, New York 10472, has been employed from in or around May 2019 until December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

15. Plaintiff, OMAR VAZQUEZ MORALES, residing at 1930 Grand Concourse, Bronx, New York 10457, has been employed from in or around May 2019 until December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

16. Plaintiff, JOSE LUIS TEPETITLS, residing at 3242 White Plains Road, Bronx, New York 10467, was employed from in or around May 2019 until in or around December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

17. Plaintiff, VICTORINO TORRES, residing at 642 Commonwealth Avenue, Bronx, New York 10473, was employed from in or around August 2019 until in or around

November 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

18. Plaintiff, FREDDY DE JESUS SANCHEZ, residing at 1719 Peters Street, Bronx, New York 10461, was employed from in or around April 2019 until in or around December 2019 by Defendants at S.R. INTERIORS INC., located at 1051 Mile Square Rd., Yonkers, New York 10704.

## DEFENDANTS

19. Defendant, S.R. INTERIORS, INC. is a corporation organized under the laws of New York.
20. Defendant, S.R. INTERIORS, INC. is a corporation authorized to do business under the laws of New York.
21. Upon information and belief, Defendant, S.R. INTERIORS, INC. is a corporation organized under the laws of New York with a principal executive office at 1051 Mile Square Rd., Yonkers, New York 10704.
22. Defendant, STEVEN P. ROBINSON, owns and operates S.R. INTERIORS, INC.
23. Upon information and belief, Defendant, STEVEN P. ROBINSON, is an agent of S.R. INTERIORS, INC.
24. Upon information and belief, Defendant, STEVEN P. ROBINSON, has power over personnel decisions at S.R. INTERIORS, INC.
25. Upon information and belief, Defendant, STEVEN P. ROBINSON, has power over payroll decisions at S.R. INTERIORS, INC.
26. Defendant, STEVEN P. ROBINSON, has the power to hire and fire employees, including the Plaintiffs, at S.R. INTERIORS, INC.
27. During all relevant times herein, Defendant, STEVEN P. ROBINSON, was Plaintiffs' employer within the meaning of the FLSA and NYLL.
28. On information and belief, Defendants, at present and have been at all times relevant to the allegation in the complaint, enterprises engaged in interstate commerce within the meaning of the FLSA in that the entity (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise

work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

### ALICIDES E. DELGADO

29. Plaintiff, ALICIDES E. DELGADO, was employed from in or around September 2019 until in or around November 2019 by Defendants.
30. During Plaintiff, ALICIDES E. DELGADO's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around September 2019 until in or around November 2019.
31. Plaintiff, ALICIDES E. DELGADO, was paid by Defendants approximately $34.00 per hour from in or around September 2019 until in or around November 2019.
32. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around September 2019 until in or around November 2019.
33. Although Plaintiff ALICIDES E. DELGADO worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around September 2019 until in or around November 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JUAN ARRIAGA PABLO

34. Plaintiff, JUAN ARRIAGA PABLO, was employed from in or around May 2019 until the present Defendants.
35. During Plaintiff, JUAN ARRIAGA PABLO'S employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around May 2019 until March 2020.
36. Plaintiff, JUAN ARRIAGA PABLO, was paid by Defendants approximately $20.00 per hour for all hours worked from in or around May 2019 until March 2020.

37. Plaintiff, JUAN ARRIAGA PABLO, worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around May 2019 until March 2020.

38. Although Plaintiff, JUAN ARRIAGA PABLO, worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around May 2019 until March 2020, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### LUCRECIO ROMANO

39. Plaintiff, LUCRECIO ROMANO, was employed from in or around June 2019 until December 2019 by the Defendants.

40. During Plaintiff, LUCRECIO ROMANO's employment by Defendants, Plaintiff's primary duties were as a laborer, while performing other miscellaneous duties from in or around June 2019 until December 2019.

41. Plaintiff, LUCRECIO ROMANO, was paid by Defendants approximately $25.00 per hour for all hours worked from in or around June 2019 until December 2019.

42. Plaintiff, LUCRECIO ROMANO, worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around June 2019 until December 2019.

43. Although Plaintiff, LUCRECIO ROMANO, worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around June 2019 until December 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### VICTORINO TORRES

44. Plaintiff, VICTORINO TORRES, was employed from in or around August 2019 until in or around November 2019 by the Defendants.

45. During Plaintiff, VICTORINO TORRES' employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around August 2019 until in or around November 2019.

46. Plaintiff, VICTORINO TORRES, was paid by Defendants approximately $25.00 per hour for all hours worked from in or around June 2019 until in or around October 2019.

47. Plaintiff VICTORINO TORRES worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around August 2019, until in or around November 2019.

48. Although Plaintiff VICTORINO TORRES worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around August 2019, until in or around November 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JOAQUIN CENOBIO

49. Plaintiff, JOAQUIN CENOBIO, was employed from in or around June 2019 until in or around October 2019 by the Defendants.

50. During Plaintiff, JOAQUIN CENOBIO's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around June 2019 until in or around October 2019.

51. Plaintiff, JOAQUIN CENOBIO, was paid by Defendants approximately $20.00 per hour for all hours worked from in or around June 2019, until in or around October 2019.

52. Plaintiff JOAQUIN CENOBIO worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around June 2019, until in or around October 2019.

53. Although Plaintiff JOAQUIN CENOBIO worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around June 2019, until in or around October 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JUAN DOLORES

54. Plaintiff, JUAN DOLORES, was employed from in or around May 2019 until December 2019 by Defendants.

55. During Plaintiff, JUAN DOLORES's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around May 2019 until December 2019.

56. Plaintiff, JUAN DOLORES was paid by Defendants approximately $35.00 per hour for all hours worked from in or around May 2019 until December 2019.

57. For the first forty (40) hours worked per week, Plaintiff was paid $20.00 per hour on a payroll check and the remaining $15.00 in cash and/or personal check. For his hours worked in excess of forty (40) hours per week, Plaintiff was paid the same $35.00 per hour rate entirely in cash and/or personal check.

58. Plaintiff, JUAN DOLORES, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until December 2019.

59. Although Plaintiff, JUAN DOLORES, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until December 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### FRANCISCO CARDENAS

60. Plaintiff, FRANCISCO CARDENAS, was employed from in or around May 2019 until in or around December 2019 by Defendants.

61. During Plaintiff, FRANCISCO CARDENAS's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around May 2019 until in or around December 2019.

62. Plaintiff FRANCISCO CARDENAS was paid by Defendants approximately $35.00 per hour for all hours worked from in or around May 2019 until in or around December 2019.

63. For the first forty (40) hours worked per week, Plaintiff was paid $20.00 per hour on a payroll check and the remaining $15.00 in cash and/or personal check. For his hours

worked in excess of forty (40) hours per week, Plaintiff was paid the same $35.00 per hour rate entirely in cash and/or personal check.

64. Plaintiff FRANCISCO CARDENAS worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until in or around December 2019.

65. Although Plaintiff FRANCISCO CARDENAS worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until in or around December 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### ANGEL CHAFLA

66. Plaintiff, ANGEL CHAFLA, was employed from in or around May 2019 until December 2019 by Defendants.

67. During Plaintiff, ANGEL CHAFLA's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around May 2019 until December 2019.

68. Plaintiff, ANGEL CHAFLA, was paid by Defendants approximately $20.00 per hour for all hours worked from in or around May 2019 until December 2019.

69. Plaintiff, ANGEL CHAFLA, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until December 2019.

70. Although Plaintiff ANGEL CHAFLA worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until December 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### OMAR VAZQUEZ MORALES

71. Plaintiff, OMAR VAZQUEZ MORALES, was employed from in or around August 2019 until December 2019 by Defendants.

72. During Plaintiff, OMAR VAZQUEZ MORALES's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around August 2019 until December 2019.

73. Plaintiff, OMAR VAZQUEZ MORALES, was paid by Defendants approximately $25.00 per hour for all hours worked from in or around August 2019 until December 2019.

74. Plaintiff, OMAR VAZQUEZ MORALES, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around August 2019 until December 2019.

75. Although Plaintiff, OMAR VAZQUEZ MORALES, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around August 2019 until December 2019, Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

### JOSE LUIS TEPETITLA

76. Plaintiff, JOSE LUIS TEPETITLA, was employed from in or around May 2019 until in or around December 2019 by Defendants.

77. During Plaintiff, JOSE LUIS TEPETITLA's employment by Defendants, Plaintiff's primary duties were as a brick layer helper, while performing other miscellaneous duties from in or around May 2019 until in or around December 2019.

78. Plaintiff, JOSE LUIS TEPETITLA, was paid by Defendants approximately $35.00 per hour for all hours worked from in or around May 2019 until in or around December 2019.

79. For the first forty (40) hours worked per week, Plaintiff was paid $20.00 per hour on a payroll check and the remaining $15.00 in cash and/or personal check. For his hours worked in excess of forty (40) hours per week, Plaintiff was paid the same $35.00 per hour rate entirely in cash and/or personal check.

80. Plaintiff, JOSE LUIS TEPETITLA, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until in or around December 2019.

81. Although Plaintiff, JOSE LUIS TEPETITLA, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around May 2019 until in or around December 2019. Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

82. Defendants failed to pay Plaintiff, JOSE LUIS TEPETITLA, seven (7) days of his wages.

### FREDDY DE JESUS SANCHEZ

83. Plaintiff, FREDDY DE JESUS SANCHEZ, was employed from in or around April 2019 until in or around December 2019 by Defendants.

84. During Plaintiff, FREDDY DE JESUS SANCHEZ's employment by Defendants, Plaintiff's primary duties were as a brick layer, while performing other miscellaneous duties from in or around April 2019 until in or around December 2019.

85. Plaintiff, FREDDY DE JESUS SANCHEZ, was paid by Defendants approximately $35.00 per hour for all hours worked from in or around April 2019 until in or around December 2019.

86. For the first forty (40) hours worked per week, Plaintiff was paid $20.00 per hour on a payroll check and the remaining $15.00 in cash and/or personal check. For his hours worked in excess of forty (40) hours per week, Plaintiff was paid the same $35 per hour rate entirely in cash and/or personal check.

87. Plaintiff, FREDDY DE JESUS SANCHEZ, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around April 2019 until in or around December 2019.

88. Although Plaintiff, FREDDY DE JESUS SANCHEZ, worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around April 2019 until in or around December 2019. Defendants did not pay Plaintiff at all for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

89. Defendants failed to pay Plaintiff, FREDDY DE JESUS SANCHEZ, four (4) days of his wages.

## WAGE NOTICES AND WAGE STATEMENTS VIOLATIONS AS TO ALL PLAINTIFFS

90. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
91. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
92. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

93. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
94. Collective Class: All persons who are or have been employed by the Defendants as brick layers, helpers, laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
95. Upon information and belief, Defendants employed between 50 and 100 employees within the past three years subjected to similar payment structures.
96. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
97. Defendants' unlawful conduct has been widespread, repeated, and consistent.

98. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
99. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
100. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
101. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
102. The claims of Plaintiffs are typical of the claims of the putative class.
103. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
104. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

105. Plaintiffs sue on their own behalf and as the class representatives (hereinafter referred to as the "New York Class Representative") and bring the Second Cause of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All brick layers, helpers, and laborers who are currently or have been employed by the Defendants at S R INTERIORS, INC. and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for hours over 40 each week at any time during the 6

years prior to the filing of their respective consent forms (hereinafter referred to as the "New York Class Period").

106. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than 200 members of the New York Class during the New York Class Period.

107. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether the New York Class Representative and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representative and the New York Class;

   d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

108. The New York Class Representative will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

109. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by

individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

110. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

111. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

112. Plaintiff's claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

113. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

114. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

116. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

117. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

118. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

119. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

120. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

121. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

123. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

124. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

125. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

127. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

128. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

129. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

130. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

131. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

132. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

133. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

134. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
135. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

136. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
137. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
138. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs unpaid wages;
   d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   e. Awarding Plaintiffs prejudgment and post-judgment interest;
   f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
   g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This __9__ day of September 2020

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALICIDES E. DELGADO, JUAN ARRIAGA PABLO, LUCRECIO ROMANO, JOAQUIN CENOBIO, JUAN DOLORES, FRANCISCO CARDENAS, ANGEL CHAFLA, VICTORINO TORRES and OMAR VAZQUEZ MORALES, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

S.R. INTERIORS, INC., and STEVEN P. ROBINSON, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**STEVEN P. ROBINSON**
**1051 MILE SQUARE ROAD,**
**YONKERS, NEW YORK, 10704**

**S.R. INTERIORS, INC.**
**1051 MILE SQUARE ROAD,**
**YONKERS, NEW YORK 10704**