

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

March 9, 2022

**Via ECF**
The Honorable District Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **Delgado, et al. v. S.R. Interiors Inc., et al.**
     **20-CV-7332 (CS)**

Dear Judge Seibel:

Our office represents Alcides E. Delgado, Juan Arriaga Pablo, Lucrecio Romano, Victorino Torres, Joaquin Cenobio, Juan Dolores, Francisco Cardenas, Angel Chafla, Omar Vazquez Morales, Jose Luis Tepetitla, Freddy De Jesus Sanchez, Alfonso Martinez, and Alberto De Los Santos[1] (collectively, "the Plaintiffs") and we submit this motion jointly with counsel for S.R. Interiors Inc. and Steven Robinson (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached at the parties second Court-annexed mediation held on February 7, 2022.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

**I.    The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   **a.  The Settlement Amount**

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees, which are addressed below, for the amount of $130,000.00.

---

[1] Plaintiffs Alfonso Martinez and Alberto De Los Santos are not named in the Complaint, but each filed a "Consent to Become Party Plaintiff Under the F.L.S.A." on June 15, 2021 [*See* Dkt. Nos. 23 and 24]

$50,000.00 of the settlement amount is due on March 4, 2022 (pending Court approval by that date) and the remaining $80,000.00 will be paid in quarterly installments of $10,000.00.

### b. Plaintiffs' Position

Plaintiffs brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiffs alleged that, as former employees of Defendants, that they were not paid proper overtime rates of pay when they worked in excess of forty (40) hours per week.

Plaintiffs are thirteen former brick layers and laborers who alleged that they were employed by Defendants for varying time periods within the six-year relevant statutory period under NYLL, ranging from periods of approximately three months to nine months. All Plaintiffs alleged that they were regularly required to work approximately fifty-four (54) to sixty (60) hours per week. Plaintiffs alleged that they were paid a regular hourly rate for their first 40 hours of pay and received that same hourly rate of pay for their overtime hours. Plaintiffs alleged that they received up to 40 hours per week by payroll check with all remaining hours – including overtime hours – paid to them in cash and/or personal check. As such, Plaintiffs alleged entitlement to the "half-time" rate of overtime pay for approximately fourteen (14) to twenty (20) hours per week.

Based on the above, we believed Plaintiffs were owed unpaid wages in the approximate amount of $100,350.00.

Additionally, all Plaintiffs alleged that they entitled to liquidated damages and recovery under NYLL §195 for Defendants' failure to provide proper wage notices and wage statements.

Although Plaintiffs were confident that they could successfully establish of all of their claims at the time of trial, Plaintiffs' preference was for a guaranteed outcome via Court-approved settlement. Plaintiffs' primary concern was Defendants' financial status and had concerns that even if they were to obtain a judgment at a trial, they may not realize any actual recovery. In advance of the parties' first Court-annexed mediation on June 8, 2021, Defendants disclosed financial records, including tax returns and other related documents, under confidential cover. These documents raised concerns about the viability of Defendants' business and what Defendants could realistically pay to resolve this matter.

Furthermore, the parties maintained factual disputes as to the dates of Plaintiffs' employment, the number of hours worked each week, and how much each Plaintiff was paid. That these factual disputes would not be resolved until the time of trial at a later date in the future favored Plaintiffs' decision to reach a resolution of this matter through mediation and receive guaranteed payment pursuant to the payment schedule described above.

### c. Defendants' Position

Defendants wished to settle this action, based upon the financial risks and costs of litigation going forward with the action to dispositive motion practice and trial. As of the date of settlement, Defendant Corporation had closed operations completely, having no assets or receivables with which to settle the action. Defendants, via testimony from the Individual Defendant, had defenses to the action, specifically the number of hours worked and days worked, based upon the contracts and that the work performed was weather dependent. However, without the requisite time records

to rebut the Plaintiff's claims, Defendant believed and believes that it was in his best interest to settle this action, rather than proceed to trial and risk a substantial verdict, which would have sent Defendant into personal bankruptcy. As such, Defendants believe this settlement is fair and reasonable under the circumstances discussed by all Parties herein.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $130,000.00. The parties believe that this amount is reasonable considering Plaintiffs' claims and the defenses and records maintained by Defendants in this matter. Moreover, the settlement amount was only achieved after multiple mediation session before a qualified and experienced Court-appointed mediator with all parties present. The parties had genuine, bona fide disputes over the dates of Plaintiffs' employment, the hours worked by Plaintiffs, and the pay received by Plaintiffs, but negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement allows Plaintiffs to recover – after attorneys' fees – approximately 85% of their alleged unpaid wages, a figure strongly contested by Defendants.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release of Plaintiffs' Wage and Hour Claims") is appropriately-tailored to claims under the FLSA, NYLL and associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants, and the Release is not overbroad such that there is a concern that

Plaintiffs are releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiffs and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiffs

The parties agreed to a global settlement of $130,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiffs will recover an aggregate amount of $86,104.00. Each Plaintiff will receive an amount based on his calculation of damages, which accounts for the alleged dates of his employment, the alleged hours that he worked, and the alleged amounts of pay that he received. These individual amounts are included in Exhibit A of the Settlement Agreement.

#### b. Requested Attorneys' Fees and Expenses

Plaintiffs' counsel respectfully requests $844.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00
- the costs of service of the Summons and Complaint on all Defendants through Plaintiffs' process server: $444.00

Plaintiffs' counsel respectfully requests one-third of the settlement less the expenses ($129,156.00), or $43,052.00 in attorneys' fees, as agreed upon in the Plaintiffs' retainer agreements with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $43,896.00.

**Settlement Amount:** $130,000.00
**Attorneys' Expenses:** $844.00
**Net Settlement Amount:** $129,156.00 ($130,000.00 - $844.00)
**Requested Attorneys' Fees:** $43,052.00 ($129,156.00 / 3)
**Total payable to Attorneys:** $43,896.00 ($43,052.00 + $844.00)
**Total payable to Plaintiffs:** $86,104.00 ($130,000.00 - $43,896.00)

Plaintiffs' attorneys and their clients have retainer agreements that are reduced to writing and are signed by the clients. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207

(E.D.N.Y. Sept. 19, 2013).  Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of both matters and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiffs.

### IV.    Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of a Court-appointed mediator at multiple mediation sessions. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.